# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JACK BROWN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 1:12-cv-01712-TWP-DML |
| KEVIN SMITH in his official capacity as Mayor of the City of Anderson, CITY OF ANDERSON, | ) ) ) ) |
| Defendants. | ) |

## ENTRY ON MOTIONS IN LIMINE

This matter is before the Court on Motions *in Limine* filed by Defendant City of Anderson (the "City") (Filing No. 53), and by Plaintiff Jack Brown ("Mr. Brown") (Filing No. 60). The Court will address each motion *in limine* in turn, and will address additional facts relevant to each motion as needed.

### I. BACKGROUND

The facts of this case are set forth at length in the Court's Entry on the City's Motion for Summary Judgment. (Filing No. 45). In short, Mr. Brown was employed by the City of Anderson Transit System ("CATS") as a Street Supervisor. After Kevin Smith was elected mayor of the City in 2011, Mr. Brown was terminated from his position, allegedly because he could not obtain a Commercial Driver's License ("CDL"). Mr. Brown alleges that he was terminated in violation of the First Amendment, and that he was discriminated against in violation of the Americans with Disabilities Act because the City failed to accommodate his limitations due to his diabetes.

## II. LEGAL STANDARD

The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400-01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

## III. DISCUSSION

### A. The City's Motion *in Limine* ([Filing No. 53](#))

The City asks the Court to exclude (1) any reference to the dismissed claims against Mayor Kevin Smith; (2) any evidence alleging discriminatory conduct that does not involve Mr. Brown; (3) any reference to or evidence of any EEOC matters, including the filing of any EEOC charges by Mr. Brown; (4) evidence of any published media accounts concerning other incidents or lawsuits filed against CATS, the City or their employees, or other lawsuits filed against City agencies; (5) reference to or evidence of settlement negotiations in this case; (6) any arguments for punitive damages; and (7) any reference to liability insurance. Mr. Brown does not object to the exclusion of numbers 3, 5, 6, and 7 listed above; therefore the motion *in limine* as to those categories of evidence is **GRANTED**.

With regard to references to the dismissed claims against Mayor Smith, Mr. Brown does not object to the exclusion of evidence regarding Mayor Smith's status as a former defendant in this action; however, he asks to reserve the right to offer evidence about Mayor Smith's involvement in Mr. Brown's termination. Because Mayor Smith was acting on behalf of the City

in the decision to terminate Mr. Brown, the Court finds that reference to his involvement in the circumstances underlying Mr. Brown's claims is relevant. Therefore, the Court **GRANTS** the motion as it related to evidence against Mayor Smith individually and **DENIES** the City's motion as to relevant evidence regarding Mayor Smith's actions on behalf of the City.

Mr. Brown also objects to the exclusion of or reference to lawsuits or claims against the City filed by any third party. The Seventh Circuit has held that "'behavior toward or comments directed at other employees in the protected group' is one type of circumstantial evidence that can support an inference of discrimination." *Hasan v. Foley & Lardner LLP*, 552 F.3d 520, 529 (7th Cir. 2008) (quoting *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 491 (7th Cir. 2007)). The Supreme Court has also held that "me too" evidence can be relevant to a discrimination claim; however, the relevance of such evidence cannot be resolved by the application of a *per se* rule. *Id.* (citing *Sprint/United Mgmt. Co. v. Mendelsohn*, 128 S.Ct. 1140, 1147 (2008)). Whether such evidence is relevant depends on several factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case. *Id.* The determination as to whether evidence of claims by other employees that may be offered by Mr. Brown at trial is relevant to the issues in this case, must be made during trial. Therefore, the City's motion *in limine* as to this evidence is **DENIED**.

Finally, Mr. Brown objects to the City's request to exclude reference to or evidence of any published media accounts concerning other incidents or lawsuits filed against CATS or the City, including any references during *voir dire* questions. The Court finds this request to be overly broad, and the City has not shown how such references would be more prejudicial than probative. *See* Fed. R. Evid. 403. However, with respect to the article attached to Mr. Brown's Response in Opposition to the City's motion *in limine* ([Filing No. 66-1](Filing No. 66-1)), the Court finds that this

particular article should be excluded because the potential for prejudice outweighs its probative value. The article makes several legal and factual conclusions, such as whether terminated employees were considered "confidential" employees, and whether the politically-motivated terminations at issue were lawful. *Id.* Therefore, the Court **GRANTS** the City's motion *in limine* with respect to this article. The determination as to whether any other published media accounts are admissible will need to be made on a document by document basis, either at the pretrial conference or at trial, so the motion with respect to other media accounts is **DENIED**.

**B.** **Mr. Brown's Motion *in Limine* ([Filing No. 60](#))**

Mr. Brown requests that the Court exclude evidence regarding his limited literacy. The City agrees that this evidence should be excluded if the Court rules on the parties' First Amendment jury instruction that Mr. Brown must establish his claim using a "but for" causation standard, as opposed to the "motivating factor" standard argued by Mr. Brown. The parties should be prepared to discuss this issue as well as their respective objections to the proposed jury instruction at the final pretrial conference. For now, the Court will take this matter under advisement.

### IV. CONCLUSION

For the reasons set forth above, the City's Motion *in Limine* ([Filing No. 53](#)) is **GRANTED in part** and **DENIED in part**. Mr. Brown's Motion *in Limine* ([Filing No. 60](#)) is taken under advisement pending the Court's ruling on the parties' objections to the proposed jury instructions. If the parties wish to renew any arguments as the trial unfolds, they are free to approach the bench and do so. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion *in limine* is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial").

SO ORDERED.

Date: 07/08/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Richard Bruce Walker
walkerlaw8@gmail.com

Anthony W. Overholt
FROST BROWN TODD LLC
aoverholt@fbtlaw.com

Jeffrey A. Macey
MACEY SWANSON & ALLMAN
jmacey@maceylaw.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com