UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JACK BROWN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:12-cv-01712-TWP-DML |
| KEVIN SMITH in his official capacity as Mayor of the City of Anderson, CITY OF ANDERSON, | ) |
| Defendants. | ) |

## ENTRY ON MOTION FOR JUDGMENT AS A MATTER OF LAW

This matter is before the Court on Defendant City of Anderson's renewed oral Motion for Judgment as a Matter of Law under Rule 50 of the Federal Rules of Civil Procedure. The Court denied Defendant's motion with respect to Plaintiff Jack Brown's ADA claim, and took the motion under advisement with respect to Mr. Brown's § 1983 First Amendment claim. Defendant argues that the Court should find that the Street Supervisor position is exempt from First Amendment protection as a matter of law based upon the official job description. For the reasons stated below, the Motion is **DENIED**.

The Court previously dealt with this issue in its entry on Defendants' motion for summary judgment, finding that there was at least a question of material fact as to whether political loyalty is a legitimate requirement for the job of Street Supervisor, and that this determination could not be made as a matter of law. ([Filing no. 45, at ECF p. 15](#)). Defendant now argues that *Riley* requires a finding that the Street Supervisor position is exempt from First Amendment protection because of the reliability of the job description, and the question of exemption from the First Amendment is one for the Court, not the jury. Defendant argues that

the reliability of the Street Supervisor job description causes it to fall within the "safe harbor" provision set forth in *Riley*. "If the official job description is objective, as shown by the methods by which it is created, vetted, and updated to the present, then the elected officials can rely on it in deciding whom they can replace on political grounds." *Riley v. Blagojevich*, 425 F.3d 357, 365 (7th Cir. 2005). The reliability of a job description, however, does not automatically dictate that the question of whether a position is or is not one for which political loyalty is a valid qualification can be decided as a matter of law by the Court. The court in *Riley* additionally stated "our decision today [does not] stand for the proposition that every *Elrod/Branti* case can be resolved just by reading the job description. The description might leave the reader unclear whether the job confers any policymaking or confidential discretion, and then additional evidence would be necessary." *Id.* Such is the case here, where the Court has already determined, and now reiterates, that it is unclear from the face of the job description whether the duties of the Street Supervisor position involve policymaking duties. This case is distinguishable from the situation in *Riley*, which involved job descriptions that "ascribe[d] significant policymaking responsibilities" to the employees in question. *Id; see also Powers v. Richards*, 549 F.3d 505, 510 (7th Cir. 2008) (analyzing the specific duties outlined in the job description to determine that an Executive Secretary had broad discretion to make policy).

In addition, the Court also based its ruling dismissing the individual claims against Mayor Kevin Smith on a finding that "the Street Supervisor position is one such position that falls somewhere between the strictly menial governmental worker and the policymaking or confidential assistant position, thus it cannot be said that Mr. Brown's termination was an obvious violation of a constitutional right such that Mayor Smith should not personally be protected by qualified immunity." (Filing no. 45, at ECF p. 16-17). Because of this ambiguity,

2

Mayor Smith himself was entitled to rely upon the job description and claim qualified immunity, just as Governor Rod Blagojevich was individually protected by qualified immunity in *Riley*.[1] 425 F.3d at 360 ("Public officials need not predict, at their financial peril, how constitutional uncertainties will be resolved.") (quoting *Hosty v. Carter*, 412 F.3d 731, 739 (7th Cir. 2005)).

*Riley* leaves undisturbed the principle that "whether a position is exempted from the First Amendment patronage dismissal ban is a factual one that should ordinarily be left for a jury to determine," and where the question of whether a position involves policymaking is "sufficiently unclear" it is one properly left to the jury. *Pleva v. Norquist*, 195 F.3d 905, 912 (7th Cir. 1999) (citing *Soderbeck v. Burnett Cnty., Wis.*, 752 F.2d 285, 288–89 (7th Cir. 1985)). *Riley* merely stands for the proposition that the actual duties performed by the employee do not dictate whether the position is one for which political loyalty is or is not a valid qualification. 425 F.3d at 360-61 ("Our focus is on the 'inherent powers' of the office, not what any individual officeholder actually does."). Because it is not clear from the face of the job description whether the duties of the Street Supervisor position involve policymaking functions, this question is appropriately one for the jury. Therefore, Defendant's motion is **DENIED**.

SO ORDERED.

Date: 07/22/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

---

[1] The State of Illinois could not be a party to the *Riley* case, nor could Governor Blagojevich in his official capacity, due to Eleventh Amendment immunity.

Distribution:

Richard Bruce Walker
walkerlaw8@gmail.com

Anthony W. Overholt
FROST BROWN TODD LLC
aoverholt@fbtlaw.com

Jeffrey A. Macey
MACEY SWANSON & ALLMAN
jmacey@maceylaw.com

Quincy Erica Sauer
MACEY SWANSON & ALLMAN
qsauer@maceylaw.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com