UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JACK BROWN, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 1:12-cv-01712-TWP-DML |
| KEVIN SMITH in his official capacity as Mayor of the City of Anderson, CITY OF ANDERSON, | ) ) ) ) ) | |
| Defendants. | ) | |

## ENTRY ON DAMAGES

On July 21, 2014, a jury trial was commenced in this matter on Plaintiff Jack Brown's ("Mr. Brown") discrimination claim brought under the Americans with Disabilities Act (as amended), 42 U.S.C. § 12101 *et seq.* ("ADAA"), and his First Amendment claim brought under 42 U.S.C. § 1983 ("§ 1983") against Defendants Mayor Kevin Smith (in his official capacity) and the City of Anderson. The trial concluded on July 23, 2014, and the jury returned a verdict in favor of Mr. Brown on the ADAA claim, and in favor of Defendants on the § 1983 claim. ([Filing No. 86](#)). The jury awarded Mr. Brown $25,200.00 in compensatory damages on his ADAA claim. *Id.* The Court must now consider the amount to be awarded for back pay, future wages, and/or benefits.

Jack Brown, a former employee of the City of Anderson Transportation Service ("CATS"), brought claims against the City of Anderson and Mayor Kevin Smith, alleging that the City violated the ADAA by terminating him because of his disability, and under § 1983 for violations of his political free speech rights under the First Amendment of the United States Constitution.

Prior to the trial, the Court granted summary judgment, in part, in favor of Mayor Smith and dismissed the claims asserted against him in his individual capacity, and denied summary judgment on the remaining claims. ([Filing No. 45](Filing No. 45))

Mr. Brown was terminated from his position as Street Supervisor with CATS on January 20, 2012, and he became totally disabled as of January 1, 2013. Mr. Brown seeks compensation for lost wages, lost retirement contributions, health care expenses, and prejudgment interest from January 20, 2012, through December 31, 2012, which is approximately 49 weeks. Specifically, Mr. Brown seeks $44,106.48 in lost wages, with prejudgment interest at 3.25% compounded quarterly through the date of final judgment; replacement retirement benefits in the amount of $6,467.50; out of pocket medical expenses in the amount of $5,426.99; and cost of replacement healthcare up to the date he was covered by Medicare, in the amount of $6,323.88.

Defendants do not object to the calculation of the damages amount. Rather, they argue that Mr. Brown is not entitled to additional damages due to failure to mitigate. A plaintiff who claims his termination is due to discrimination has a legal duty to mitigate damages by making a diligent effort to find reasonably comparable employment. *Savino v. C.P. Hall Co.*, 199 F.3d 925, 934 (7th Cir. 1999). The burden is on the defendant to establish that "(1) the plaintiff failed to exercise reasonable diligence to mitigate [his] damages, and (2) there was a reasonable likelihood that the plaintiff might have found comparable work by exercising reasonable diligence." *Hutchison v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037, 1044 (7th Cir. 1994). Defendants argues that Mr. Brown's failed attempt to establish a trailer hauling business following his termination from CATS was not a reasonable effort at finding replacement work. However, the Seventh Circuit has held that "[s]elf-employment can constitute employment for purposes of mitigating damages, as long

as the self-employment was a reasonable alternative to finding other comparable employment." *Smith v. Great Am. Restaurants, Inc.*, 969 F.2d 430, 438 (7th Cir. 1992).

Defendants rely upon *Hansard v. Pepsi-Cola Metro. Bottling Co.*, 865 F.2d 1461 (5th Cir. 1992) to support their argument that Mr. Brown's attempt at self-employment was not a reasonable mitigation attempt. In *Hansard*, the court acknowledged that self-employment can constitute reasonable diligence in mitigating damages, but the court reduced the plaintiff's back pay award because it found that operating a flea market as a part-time enterprise on the weekends did not satisfy his statutory duty to mitigate his damages. *Id.* at 1468. The Seventh Circuit has directly addressed *Hansard* and confined the holding to the facts of that case, noting that the plaintiff in *Hansard* did not approach the flea market as a business; it was never more than a part-time enterprise, and the plaintiff was fully capable of continuing his job search during the week. *Smith*, 969 F.2d at 438.

Mr. Brown's attempt at self-employment is readily distinguishable from the *Hansard* case. Mr. Brown approached his trailer hauling business as a full-time enterprise, whereas the plaintiff in *Hansard* operated a weekend business at a flea market. Defendant's argument that Mr. Brown's self-employment did not constitute a reasonable mitigation attempt because the business never turned a profit is irrelevant. Mr. Brown was only able to operate his business for less than a year prior to becoming totally disabled, and many businesses do not make a profit in their first year of operation. *See Smith*, 969 F.2d at 438 (finding that restaurant owned by plaintiff that did not make a profit until third year of operation still constituted reasonable mitigation). The Court finds that Mr. Brown's attempt at operating a full-time trailer hauling business does constitute a reasonable attempt at mitigation, thus he is entitled to damages for the entire period from his termination until

his disability date. Defendants have not met their burden of showing evidence that such an attempt was not reasonable.

Accordingly, the Court hereby awards the following damages to Mr. Brown:

1. Wage loss in the amount of $44,106.48, with prejudgment interest at 3.25% compounded quarterly through the date of final judgment;

2. Replacement retirement benefits in the amount of $6,467.50;

3. Out of pocket medical expenses in the amount of $5,246.99; and

4. Cost of replacement health care in the amount of $6,323.88.

Final judgment will issue in a separate entry.

SO ORDERED.

Date: 12/31/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Richard Bruce Walker
walkerlaw8@gmail.com

Anthony W. Overholt
FROST BROWN TODD LLC
aoverholt@fbtlaw.com

Jeffrey A. Macey
MACEY SWANSON & ALLMAN
jmacey@maceylaw.com

Quincy Erica Sauer
MACEY SWANSON & ALLMAN
qsauer@maceylaw.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com